IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRANAGER QUINTELL DAVIS                                          PLAINTIFF

V.                            CASE NO.: 4:07CV01225 JLH/BD

S. WILKERSON                                                     DEFENDANT

RECOMMENDED DISPOSITION

I.     Procedure for Filing Objections:

The following recommended disposition has been sent to Chief United States

District Court Judge J. Leon Holmes.  Any party may serve and file written objections to

this recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically identify

that finding and the evidence that supports your objection.  An original and one copy of

your objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date you receive the Partial Recommended

Disposition.  A copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     **Background**:

Plaintiff Branager Quintell Davis, a former detainee at the Faulkner County

Detention Facility, filed a pro se Complaint under 42 U.S.C. § 1983.  He is proceeding *in*

*forma pauperis*.  In his Complaint, Plaintiff alleges that Defendant Wilkerson used

excessive force against him by shooting him in the back with a taser gun on November

10, 2007.

Now pending is Defendant Wilkerson's motion for summary judgment (docket

entry #11).  Defendant Wilkerson argues that she is entitled to judgment as a matter of

law because: (1) she did not use excessive force in restraining Plaintiff; (2) Plaintiff

failed to exhaust his administrative remedies; (3) Plaintiff did not sustain a physical injury

during the incident in question; and (4) she is entitled to qualified immunity.

The Court previously provided Plaintiff additional time to respond to the motion

with evidence of his own, specifically requesting that Plaintiff provide proof that he

exhausted his administrative remedies before filing this lawsuit.  Plaintiff has failed to

respond to the motion.  The Court recommends that Defendant Wilkerson's motion for

summary judgment (#11) be GRANTED.

III.    **Discussion**:

A.     *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most

favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R.

CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

      B.     *Failure to Exhaust Administrative Remedies*

Defendant Wilkerson contends that Plaintiff failed to exhaust his administrative remedies before filing this action and that the case should be dismissed with prejudice. Congress enacted the Prisoner Litigation Reform Act ("PLRA") to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 424 (2002). The PLRA requires administrative exhaustion prior to the commencement of a lawsuit challenging prison conditions.  "No action shall be brought with respect to prison

conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  Exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.  The Court of Appeals for the Eighth Circuit has held that "[u]nder the plain language of 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . .  If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)(emphasis original).

Recently, the Supreme Court has explained that failure to exhaust is an "affirmative defense" under the PLRA and that "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Block*, __ U.S.__, 127 S.Ct. 910, 921 (2007).  Thus, defense motions based on failure to exhaust are properly brought as motions for summary judgment and not as motions to dismiss, unless it appears from the face of the prisoner's complaint that there has been a failure to exhaust, with no justification for the failure.

With his motion, Defendant Wilkerson submits the declaration of Bobby Brown.  In the declaration, Mr. Brown states that he has examined Plaintiff's inmate file and has

found no documentation of any grievance regarding the November 10, 2007 incident (#14

at p.3).  According to Defendant Wilkerson's motion, Plaintiff did file other grievances

while detained at the Faulkner County Detention Facility, but those grievances do not

relate to the November 10, 2007 incident.[1]

As a matter of law, the administrative process must be completely exhausted prior

to the filing of a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a).  Because

Plaintiff has not provided documentation showing that he fully exhausted his

administrative remedies to rebut the evidence provided by the Defendant, the Plaintiff's

claims against Defendant Wilkerson should be dismissed for failure to exhaust as required

by the PLRA.[2]

## IV.   <u>Conclusion</u>:

The Court recommends that Defendant Wilkerson's motion for summary judgment

(#11) be GRANTED and that all claims be DISMISSED, without prejudice, against

Defendant Wilkerson.

---

[1] The Court notes that Plaintiff requests Sgt. Wilkerson's first name in one of the grievance forms attached to the motion.  However, Plaintiff does not describe the events giving rise to this lawsuit in that grievance form.

[2] Further, Plaintiff specifically states in his Complaint that he did not fully exhaust his administrative remedies before filing the instant lawsuit (#2 at p.4).

DATED this 25th day of November, 2008.


_____
UNITED STATES MAGISTRATE JUDGE